KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640
WWW.KVWP.NET

February 20, 2015

Via ECF and REGULAR MAIL

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Donoghue v. Achillion Pharmaceuticals, Inc., et al*
       14 Civ. 8353 (PAC)

Dear Judge Crotty:

We are the attorneys for plaintiff Andrew Roth in this consolidated action.

Enclosed is the Civil Management Plan and Scheduling Order on consent of all parties.

Very truly yours,

Paul D. Wexler

cc:    all counsel via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

Deborah Donoghue,

                  Plaintiff(s),

         - against -

RA CAPITAL HEALTHCARE FUND, L.P. et al.,

               Defendant(s).

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

14 Civ. 8353 (PAC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

**ALL DATES MUST BE TYPED <u>NOT</u> HANDWRITTEN.**

    This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.     All parties consent [   ] or do not consent [X  ] to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Check one.] [If all consent, the remaining paragraphs need not be completed. The parties must submit a magistrate consent form located on my SDNY webpage.]

2.     This case is [X  ] or is not [   ] to be tried to a jury. [Check one.]

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. See pre-motion conference requirement located in my Individual Practices.

4.     Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed by: 3/27/15

5.     All <u>fact</u> discovery shall be completed no later than 6/25/2015 [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

        a.    Initial requests for production of documents to be served by: 4/15/2015
        b.    Interrogatories to be served by: 5/22/2015
        c.    Depositions to be completed by : 6/25/2015

    d.      Requests to Admit to be served by: <u>5/22/2015</u>

7.    a.      All <u>expert</u> discovery shall be completed no later than: <u>8/10/2015</u>
              [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery.]

        b.      No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.      Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
              <u>On February 18, 2015, the parties conducted a settlement conference</u>
              <u>and agreed to continue a dialogue and exchange of documents to advance</u>
              <u>a settlement.</u>

        b.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____

        c.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case  (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

        d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  Any motions <u>in limine</u> (for which the pre-motion conference requirement is waived) shall be

filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: 5 to 10 days           .

13.     The "dates" column below shall be filled out by counsel. **ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

| 13.  Civil Case Management Plan Requirement | Dates: |
|---|---|
| Initial Disclosure pursuant to Rule 26(a)(1), Fed.R.Civ.P. to be served no later than | 3/27/15 |
| All fact discovery to be completed no later than: | 6/25/15 |
| Discovery - initial requests for production of documents to be served no later than: | 4/15/15 |
| Discovery - interrogatories to be served no later than: | 5/22/15 |
| Discovery - depositions to be completed no later than: | 6/25/15 |
| Discovery - requests to admit to be served no later than: | 5/22/15 |
| All expert discovery to be completed no later than: | 8/10/15 |
| Parties to meet to confer on scheduled for expert disclosures no later than: | 6/12/15 |
| All counsel to meet face-to-face to discuss settlement no later than: | 7/8/15 |
| Date recommended by counsel for alternate dispute resolution: | 7/22/15 |

----------------------------------------------------------------------------------------------------

### TO BE COMPLETED BY THE COURT:

14.     The next conference is scheduled for: _____/_____/ 20_____ @ _____: _____ AM / PM in Courtroom ~~11D.~~  14-C

            This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

                                                    _____
                                                    Paul A. Crotty
                                                    United States District Judge

Dated: _____/_____/20_____
            New York, NY