

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

April 16, 2015

Judge Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   *Donoghue v. Achillion Pharmaceuticals, Inc.,* No. 1:14-cv-8353-PAC (S.D.N.Y.)

Dear Judge Crotty,

We write on behalf of defendants RA Capital Management, LLC ("RA Capital"), RA Capital Healthcare Fund, L.P. ("RAHF") and Peter Kolchinsky (collectively, the "RA Capital Parties"), and in accordance with Local Civil Rule 7.1(d) and the Court's Individual Rules 3(B) and 3(D), to request a pre-motion conference in anticipation of filing a motion to dismiss the complaint in the above captioned matter pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

The complaint alleges that the RA Capital Parties formed a Section 13(d) "group" with Blackwell Capital Partners, LLC and that the "group" beneficially owned more than 10% of the stock of Achillion Pharmaceuticals, Inc. ("Achillion"). The complaint further alleges that members of the "group" realized "short-swing" profits from trading securities of Achillion and that such profits are subject to disgorgement under Section 16(b) of the Securities Exchange Act

---

[1]   On January 21, 2015, the Court ordered that *Roth v. RA Capital Management, LLC*, No. 1:14-cv-8594-PAC (S.D.N.Y.) be consolidated with this action and terminated.  See Dkt. 22.  Plaintiffs have yet to file a consolidated or amended complaint.

Judge Paul A. Crotty, U.S.D.J.     - 2 -     April 16, 2015

of 1934 ("Section 16(b)").[2] The complaint fails to state a claim for several reasons.

    First, RA Capital is a registered investment adviser and therefore is not deemed a "beneficial owner" of the Achillion stock under SEC Rule 16a-1(a)(1)(v). The definition of "beneficial owner" under SEC Rule 16a-1(a)(1) specifically excludes "[a]ny person registered as an investment adviser under Section 203 of the Investment Advisers Act of 1940 (15 U.S.C. 80b-3) . . ." who holds securities in customer fiduciary accounts in the ordinary course of business and without the purpose or effect of changing or influencing control of the issuer and without the purpose of evading Section 13(d)'s reporting obligations. RA Capital is a registered investment adviser that directed that Achillion securities be purchased and sold only for the accounts of Blackwell and RAHF; it never purchased or sold any Achillion securities for its own account. Accordingly, RA Capital never beneficially owned any Achillion securities.

    Second, Mr. Kolchinsky similarly is not subject to Section 16(b) liability because he never became a 10% owner of Achillion securities. As a "control person" of registered investment adviser RA Capital, under SEC Rule 16a-1(a)(1)(vii) Mr. Kolchinsky may exclude Achillion securities beneficially owned by RA Capital because his direct and indirect ownership of Achillion securities, excluding shares owned indirectly through RA Capital, never exceeded 1% of Achillion's outstanding common stock. There is no allegation, nor could there be, that Mr. Kolchinsky owned Achillion common stock, other than his indirect interest in shares owned by RA Capital. Accordingly, Mr. Kolchinsky never beneficially owned any Achillion securities.

---

[2] Section16(b) applies to, among others not relevant here, any person who is the beneficial owner, directly or indirectly, of more than 10% of any class of an issuer's equity securities registered under Section 12 of the Exchange Act (a "10% owner"). For purposes of determining 10% owner status, SEC Rules 16a-1(a)(1) and 13d-3(a) provide that a person is a "beneficial owner" of securities if the person has or shares voting power or investment power over the securities. Under SEC Rule 13d-5(b)(1), "person" includes any "group" of "two or more persons who <u>agree</u> to act together for the purpose of acquiring, holding, voting or disposing of equity securities <u>of an issuer</u>" (emphasis added). Such a group will be deemed to have beneficial ownership of all equity securities of that issuer beneficially owned by any such persons. <i>Id.</i> Moreover, under Section 16(b), when a group collectively owns more than 10% of an issuer's registered class of equity securities, each group member is deemed to be a 10% owner.

Judge Paul A. Crotty, U.S.D.J. - 3 - April 16, 2015

<u>Third</u>, Blackwell never became a "beneficial owner" of Achillion securities. Under Blackwell's Investment Management Agreement with RA Capital (the "IMA"), it is RA Capital—not Blackwell—that has the power to vote and the power to dispose of the securities held for Blackwell's managed account. Under the IMA, Blackwell did not have the right to acquire beneficial ownership of the Achillion securities in its managed account within 60 days. As a result, Blackwell never beneficially owned any Achillion securities under SEC Rule 13d-3. In addition, Blackwell is an investment vehicle solely for entities that are excluded from the definition of "beneficial owner" under SEC Rule 16a-1(a)(1)(vi).

<u>Fourth</u>, even if Blackwell were deemed a beneficial owner (which it is not) the complaint fails to allege the essential element to establish a "group" under SEC Rule 13d-5(b)(1)—<u>i.e.</u>, an agreement among the alleged "group" members to acquire, hold, vote or dispose of Achillion securities. Moreover, in order for a person to be deemed a member of a Section 13(d) group with beneficial owners of an issuer's securities, that person must itself be a beneficial owner of the issuer's securities.[3] The group allegations in the complaint fail because, as noted above, RA Capital, Mr. Kolchinsky and Blackwell were never beneficial owners of Achillion securities.

<u>Fifth</u>, the complaint's Second Claim for Relief "presents mere speculation and fails the most basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." See *Chechele v. Morgan Stanley*, 896 F. Supp. 2d 297, 304-05 (S.D.N.Y. 2012) (dismissing a similarly-worded claim asserted as a "precaution" in the event the public record was incomplete).

We are prepared to address any questions that the Court may have at the conference in this matter presently scheduled for May 7, 2015 at 3:15 p.m., or at any other time convenient for the Court and the parties.

---

[3] See, e.g., *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008); *Rosenberg v. XM Ventures*, 274 F.3d 137, 147 (3d Cir. 2001).

Judge Paul A. Crotty, U.S.D.J.     - 4 -     April 16, 2015

                         Respectfully submitted,

                         By: \_\_\_\_\_/s/ Derek Musa_____
                         Derek Musa
                         Dennis H. Tracey, III
                         Hogan Lovells US LLP
                         875 Third Avenue
                         New York, NY 10022
                         Tel:  (212) 918-3000
                         Fax:  (212) 918-3100
                         derek.musa@hoganlovells.com

                         *Attorneys for Defendants, RA Capital Management, LLC, RA Capital Healthcare Fund, L.P. and Peter Kolchinsky*

cc:     David Lopez, Esq.
         Glenn Ostrager, Esq.
         Miriam Tauber, Esq.
         Paul Wexler, Esq.
         John F. Batter, III, Esq.
         Robert Pees, Esq.

## CERTIFICATE OF SERVICE

     I hereby certify that on this 16th day of April 2015, I served the foregoing document upon all registered counsel in the case via the Court's CM/ECF system by filing the document electronically with the Clerk of Court.

New York, New York

                                                  ___/s/ Derek Musa_____
                                                  Derek Musa