UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE
and ANDREW E. ROTH,

    Plaintiffs,

 – against --

ACHILLION PHARMACEUTICALS, INC.,

    Nominal Defendant,

RA CAPITAL MANAGEMENT, LLC, RA
CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, PETER
KOLCHINSKY and ACHILLION
PHARMACEUTICALS, INC.,

    Defendants.

14 CIV. 8353 (PAC)(DF)

(*Jury Trial Demanded*)

## AMENDED COMPLAINT

Plaintiffs Deborah Donoghue ("Donoghue") and Andrew E. Roth ("Roth") by their undersigned attorneys, allege upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiffs Donoghue and Roth are New York residents who are the owners of common stock of Achillion Pharmaceuticals, Inc. ("Achillion" or the "Company").

2. Achillion, a nominal defendant herein, is a Delaware corporation with its principal place of business at 300 George Street, New Haven, CT 06511.

3. Defendant RA Capital Management, LLC ("RA Capital") is a limited liability company with its principal place of business at 20 Park Plaza, Suite 1200, Boston, MA 02116. RA Capital is a registered investment adviser that provides advisory services to defendants RA Capital Healthcare Fund, Inc. and Blackwell Partners, LLC.

4. Defendant RA Capital Healthcare Fund, L.P. ("Healthcare") is a private investment limited partnership with its principal place of business at 20 Park Plaza, Suite 1200, Boston, MA 02116.

5. Defendant Blackwell Partners, LLC ("Blackwell") is a Georgia limited liability company with its principal place of business at 280 S. Mangum St., Suite 210, Durham, NC 27701.

6. Defendant Peter Kolchinsky ("Kolchinsky") is an individual with a business address at 20 Park Plaza, Suite 1200, Boston, MA 02116. Kolchinsky is the sole Manager of RA Capital.

## JURISDICTION AND VENUE

7. This action is brought on behalf of Achillion pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

8. Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than

six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

## SECTION 16(b) GROUP ACTIVITY

9. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a less than six-month period.

10. Defendants RA Capital, Healthcare, Blackwell and Kolchinsky constitute a group (collectively the "RA Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the RA Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth. As all purchases and sales for each of the RA Group members were directed by Kolchinsky, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock. Other indicia of group membership include the fact that various SEC filings were made collectively on behalf of all group

members, RA Capital is the General Partner of Healthcare and the investment adviser to Healthcare and Blackwell, and Kolchinsky is the sole Manager of RA Capital.

11. Even if Blackwell is determined not to be a Group Member, defendants RA Capital, Healthcare and Kolchinsky constitute a separate group, and these Group Members garnered disgorgeable short-swing profits in the transactions hereinafter set forth.

## HEALTHCARE'S INDEPENDENT STATUS AS A 10% BENEFICIAL OWNER

12. At all relevant times, Healthcare was a greater than 10% beneficial owner of Achillion Common Stock. Thus, Healthcare is liable to disgorge its short-swing profits even if it is determined that Blackwell is not a member of the RA Group and even if it is determined that Healthcare is not a member of a separate group with RA Capital and Kolchinsky.

13. Regardless of whether Blackwell is subject to Section 16(b) liability, both the RA Group and the Healthcare Fund were greater than 10% beneficial owner in their own right at least as early as July 2, 2013. *See* RA Capital Schedule 13D dated November 1, 2014, Amendment No. 5 to Schedule 13D dated January 20, 2015, RA Capital Schedule 13G dated October 4, 2013, Amendment No. 1 to Schedule 13G dated January 20, 2015, and RA Capital Form 4 filings dated August 22, 2014 and January 20, 2015.

## DEFENDANTS' PURCHASE AND SALE TRANSACTIONS

14. While the RA Group and Healthcare were greater than 10% beneficial owners, Healthcare and Blackwell sold shares during the period July 10, 2013 to September 26, 2013. Also, while the RA Group and Healthcare were greater than 10% beneficial owners, Healthcare and Blackwell each purchased shares at various times between October 11 and

November 20, 2013. Matching the above-mentioned purchase and sale transactions results in disgorgeable short-swing profits of $3,653,243 by Healthcare and $3,218,980 by Blackwell, for a total of $6,872,223.

15. In addition, on July 15, 2013, July 26, 2013, September 26, 2013 and October 1, 2013, the RA Group and Healthcare engaged in transactions in call options relating to the Company's shares. The RA Group belatedly reported those transactions in contravention of SEC Rules in an Amendment No. 5 to Schedule 13D dated January 20, 2015, Amendment No. 1 to Schedule 13G dated January 20, 2015, and Form 4 filings dated August 22, 2014 and January 20, 2015.

16. Matching of the foregoing option transactions with common share purchases during the period October 11, 2013 to November 20, 2013 results in disgorgeable short-swing profits of $12,674,239 by Heathcare and $3,650,169 by Blackwell, for a total of $16,324,408.

17. Accordingly, Healthcare and Blackwell realized total short swing profits in the amounts of at least $16,327,482.09 and $6,869,149.53, respectively, which are subject to disgorgement to the Company. Annexed Exhibits 1 and 2, respectively, set forth computations of short-swing profits for Healthcare and Blackwell.

### THE RA GROUP'S REPEATED VIOLATIONS OF THE EXCHANGE ACT

18. The RA Group repeatedly and materially violated the reporting requirements under the Williams Act and under Section 16(a) of the Exchange Act and the standstill provision of SEC Rule 13d-1(f). These actions were designed to deprive the marketplace of critical information concerning the RA Group's plans to acquire a substantial stake in the Company as well as to conceal the RA Group's short-swing profit liability. Continuing its

violations of the Exchange Act, the RA Group has not properly reported all of its transactions that might disclose short-swing profits in addition to those described above.

19. The RA Group should have filed its Initial Statement on Schedule 13G prior to June 30, 2013. According to its Form 13F for the quarter ended June 30, 2013, as of June 30, 2013, the RA Group beneficially owned 7,455,202 shares of common stock of the Company and call options to acquire an additional 2,000,000 shares. This represented beneficial ownership of almost 10%. Nevertheless, the RA Group did not file its initial Statement on Schedule 13G until October 4, 2013, well beyond the reporting deadline.

20. The RA Group's Initial Statement on Schedule 13G reported beneficial ownership of 14,457,061 shares as of September 30, 2013. At the time of filing, the RA Group was not eligible to file on Schedule 13G (although it was required to do so earlier) because as of September 30, 2013, the RA Capital Group also beneficially owned call options to acquire an additional 5,500,000 Achillion shares, representing in the aggregate beneficial ownership in excess of 20%. Moreover, in violation of SEC Rule 13d-1(f), the RA Group purchased Achillion shares during a ten day standstill period after the filing of its initial Schedule 13D.

21. As the RA Group should have filed its Initial Statement on Schedule 13D no later than October 10, 2013 and perhaps even earlier, the RA Group has failed to report transactions in the Company's securities as required by § 13(d).

22. Similarly, because the RA Group became a greater than 10% beneficial owner of the Company's common stock substantially at least as early as July 2, 2013, the RA Group's initial Form 3 filing was delinquent and the RA Group failed to properly make Form

4 filings reporting transactions in the Company's common stock and in derivative securities relating to the Company's common stock.

23. Finally, in its Schedule 13D filings as well as its Forms 3 and 4 filings, the RA Group does not properly identify Blackwell as a member of a Section 13(d) group.

24. Because the RA Group members failed to comply with their reporting obligations under the Exchange Act, it is not possible to ascertain with precision the amount of the short-swing profits that are subject to disgorgement.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## AGAINST THE RA CAPITAL GROUP

25. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 24, *supra*, as if fully set forth herein.

26. As particularized in paragraphs 14 through 17, *supra*, during the period July 10, 2013 and at least November 20, 2013, Healthcare and Blackwell engaged in purchase and sale transactions in the Company's common stock and options which resulted in disgorgeable short-swing profits.

27. Healthcare and Blackwell, respectively realized short-swing profits in the amounts of $12,674,239 and $3,650,169 by Blackwell, for a total of $16,324,408, which must be disgorged to the Company.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## AGAINST RA CAPITAL AND KOCHINKSY

28. Plaintiffs repeat and realleges the allegations contained in paragraphs 1 through 27, *supra*, as if fully set forth herein.

29. As particularized in paragraphs 14 through 17, *supra*, RA Capital and Kochinsky engaged in transactions on behalf of Healthcare and Blackwell which yielded short swing profits subject to disgorgement to the Company.

30. Defendants RA Capital and Kochinsky have a pecuniary interest in short-swing profits realized by Healthcare and Blackwell and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to Achillion their short swing profits.

31. Plaintiff is unable to precisely ascertain RA Capital's and Kochinksy's pecuniary interests in the transactions, but it is believed that short-swing profits subject to disgorgement to Achillion are in excess of $2 million.

## ALLEGATIONS AS TO DEMAND

32. Plaintiffs made due demand on Achillion on November 2, 2013 and again on August 25, 2014 to commence this lawsuit, but it failed to do so.

WHEREFORE, plaintiffs demand judgment on behalf of Achillion against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       May 19, 2015

Yours, etc.

David Lopez
P.O. Box 323
Southhampton, New York 11969-0323
(631) 287-5520

Paul D. Wexler, Counsel
KORNSTEIN VEISZ WEXLER
 & POLLARD, LLP

757 Third Avenue, 18th Floor
New York, New York 10017
(212) 418-8600


Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.

570 Lexington Avenue
New York, New York 10022
(212) 681-0600

Attorneys for Plaintiffs