UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF NEW YORK

DEBORAH DONOGHUE and ANDREW E. ROTH,

Plaintiffs,

– v. –

RA CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, RA CAPITAL
MANAGEMENT, LLC and PETER KOLCHINSKY,

Defendants,

– and –

ACHILLION PHARMACEUTICALS INC.,

Nominal Defendant.

ECF CASE

14 CIVIL 8353 (PAC)

## MEMORANDUM OF LAW
## IN SUPPORT OF SETTLEMENT APPROVAL
## AND AWARD OF ATTORNEYS' FEES & DISBURSEMENTS

David Lopez
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323

Glenn F. Ostrager
Ostrager Chong Flaherty & Broitman P.C.
570 Lexington Avenue New York, New York 10022

Paul D. Wexler
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue, 18th Floor
New York, New York 10017

Miriam Tauber
885 Park Avenue, # 2A
New York, New York 10075

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

ARGUMENT .................................................................................................................................. 2

I. THE COURT MUST DETERMINE THE ADEQUACY AND FAIRNESS
OF THE SETTLEMENT ONLY TO THE EXTENT NECESSARY
TO ENSURE DILIGENT PROSECUTION OF THE LITIGATION ................................ 2

    A. A Section 16(b) Suit Is Not a "Derivative Action"
       Within the Meaning of Rule 23.1 or Local Civil Rule 23.1.1 ................................. 2

    B. The Court Should Approve the Settlement Agreement
       as "Diligent[] . . . Prosecut[ion]" of the Company's Section 16(b) Rights ............. 5

II. SHAREHOLDER NOTICE OF THE PROPOSED SETTLEMENT AGREEMENT IS
NOT NECESSARY UNDER THE CIRCUMSTANCES OF THIS CASE ....................... 7

    A. Notice is Not Required Under *Rosen ex rel.*
       *Price Communications Corp. v. Price* and Precedents Decided Post-*Rosen* .......... 7

    B. Dispensing With Shareholder Notice Discretionary ..................................................... 9

III. ASSUMING THE *GRINNELL* FACTORS APPLY, THEY SUPPORT THE
FAIRNESS, ADEQUACY, AND REASONABLENESS OF THE SETTLEMENT ...... 10

    A. The Negotiating Process Entitles the Stipulation of Settlement to a Presumption of
       Fairness, Adequacy, and Reasonableness ............................................................. 12

    B. The Terms of the Settlement Agreement Satisfy the Substantive *Grinnell* Factors . 13

       1. *Grinnell* Factor One:
          The Complexity, Expense, and Likely Duration of Litigation ............................. 13
       2. *Grinnell* Factor Three:
          The Stage of the Proceedings and Extent of Discovery ....................................... 14
       3. *Grinnell* Factors Four and Five:
          The Risks of Establishing Liability and Damages ............................................... 15
       4. *Grinnell* Factors Eight and Nine:
          The Reasonableness of the Settlement Fund in Light of the
          Best Possible Recovery and in Light of All the Attendant Risks of Litigation .... 15
       5. *Grinnell* Factor Seven:
          The Ability of the Defendants To Withstand a Greater Judgment ....................... 16
       6. The Congressional Purpose
          To Cause Disgorgement of Short-Swing Trading Profits ..................................... 16

III. THE LEGAL FEES AND DISBURSEMENTS AGREED TO ARE FAIR AND
     REASONABLE ............................................................................................................. 17

    A. The Agreement Between Plaintiffs' Counsel and
       Achillion Should Be Given Great Deference ...................................................... 17

    B. Applicable Standards ........................................................................................... 19

       1. Benefit Conferred ........................................................................................... 19
       2. Contingent Nature of the Fee and Risks of Litigation ................................... 20
       3. Magnitude and Complexity of the Action ..................................................... 21
       4. Quality of Representation .............................................................................. 21
       5. The Lodestar Approach .................................................................................. 23
       6. Public Policy .................................................................................................. 24

CONCLUSION ............................................................................................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Access Now, Inc. v. AMH CGH, Inc.*,
   No. 98-3004-CIV, 2001 U.S. Dist. LEXIS 12876 (S.D. Fla. May 8, 2001) ............. 8, 9

*Adair v .Bristol Technology Systems, Inc.*,
   No. 97 Civ. 5874 (S.D.N.Y. Order dated Nov. 12, 1999) ............. 18

*Bano v. Union Carbide Corp.*,
   273 F.3d 120 (2d Cir. 2001) ............. 11, 21

*Bello v. Integrated Resources, Inc.*,
   [1990-1991 (Transfer Binder) Fed. Sec. L. Rep] (CCH) Par. 95,731 (S.D.N.Y. 1990) ............. 18

*Blau v. Berkeley & Berkeley Photo, Inc.*,
   CCH Fed. Sec. L. Rep. ¶ 92,264 (1967-1969 Decisions) (S.D.N.Y. 1968) ............. 7

*Blau v. Mission Corp.*,
   212 F.2d 77 (2d Cir. 1954) ............. 3

*Blau v. Oppenheim*,
   250 F. Supp. 881 (S.D.N.Y. 1966) ............. 4

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 488 (2d Cir. 1974) ............. passim

*Conley v. Sears, Roebuck & Co.*,
   222 B.R. 181 (D. Mass. 1998) ............. 24

*Continental Illinois Sec. Litigation*,
   962 F.2d 566 (7th Cir. 1992) ............. 23

*Denney v. Jenkens & Gilchrist*,
   230 F.R.D. 317 (S.D.N.Y. 2005) ............. 11

*Doe v. Perales*,
   782 F. Supp. 201, 206 (W.D.N.Y. 1991) ............. 11

*Donoghue v. CSX Corp.*,
   No. 08 Civ. 9252 (MGC), 2009 U.S. Dist. LEXIS 97086 (S.D.N.Y. Mar. 9, 2009) ............. 3

*Donoghue v. FutureFuel Corp.*,
   No. 11-cv-5515 (PGG) (S.D.N.Y. Oct. 18, 2011) ............. 8, 9

*Donoghue v. Golden State Bancorp.*,
   No. 02-cv-2404 (TPG) (S.D.N.Y. Aug. 4, 2006) ............. 8

*Donoghue v.Novastar*,
   No. 02-cv-6857 (KMW) (S.D.N.Y.) ............. 13

*Dottenheim v. Murchison*,
   227 F.2d 737 (5th Cir. 1956) ............. 4

*Evans v. Jeff D.*,
    475 U.S. 717, 738 n. 28 (1986) .................................................................................... 19

*FTR Consulting Group, Inc. v. Advantage Fund II, Ltd.*,
    No. 02 Civ. 8608(RMB), 2005 U.S. Dist. LEXIS 20013 (S.D.N.Y. Sept. 13, 2005) ....... passim

*Goldberger v. Integrated Resources, Inc.*,
    209 F.3d 43 (2d Cir. 2000) ........................................................................................ 10

*Goldstein v. QVT Assocs. GP LLC*,
    No. 10-cv-2488 (HB) (AJP) (S.D.N.Y. Feb. 3, 2011) .................................................. 8

*Gollust v. Mendell*,
    501 U.S. 115 (1991) .................................................................................................... 4

*Graubard v. Miller*,
    ... N.Y. 3d ..., ...N.Y.S. 2d ..., 2008 WL 5055393 (Dec. 2, 2008) ............................. 20

*Greco v. Local.com*,
    806 F. Supp. 2d 653 (S.D.N.Y. 2011) ..................................................................... 3, 6

*Green v. American Express Co.*,
    200 F.R.D. 211 (S.D.N.Y. 2001) ................................................................................ 9

*Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC*,
    298 F.3d 136, 139 (2d Cir. 2002) ............................................................................... 2

*In re Agent Orange Products Liability Litigation*,
    818 F.2d 226, 236 (2d Cir. 1987). ....................................................................... 20, 23

*In re Allister Inns Securities Litigation*,
    No. 88 Civ. 9282 (PKL) 12991 U.S. Dist LEXIS 20402 (S.D.N.Y. Nov. 20, 1991) .... 18

*In re AOL Time Warner Shareholder Derivative Litigation*,
    No. 02 Civ. 6302 (SWK), 2006 U.S. Dist. LEXIS 63260 (S.D.N.Y. Sept. 6, 2006) .... 11

*In re Beverly Hills Litigation*,
    639 F. Supp. 915 (E.D. Ky. 1986) ............................................................................ 24

*In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*,
    778 F.2d 890 (1st Cir. 1985) ..................................................................................... 24

*In re Gulf Oil/Cities Service Tender Offer Litigation*
    142 F.R.D. 588 (S.D.N.Y.) ....................................................................................... 18

*In re Global Crossing Securities & ERISA Litigation*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .............................................................................. 14

*In re IMAX Sec. Litigation*,
    No. 06 Civ. 6128 (NRB), 2012 U.S. Dist. LEXIS 86513 (S.D.N.Y. June 20, 2012) ... 14

*In re IPO Sec. Litigation*,
    260 F.R.D. 81 (S.D.N.Y. 2009) ..................................................................... 10, 11, 14

*In re New York City Municipal Securities Litigation*,
    [1984 Transfer Binder] Fed. Sec. L. Rep (CCH) Par. 91,419 (S.D.N.Y. 1984) .......... 18

*In re Quest Software, Inc. Derivative Litigation,*
  No. SACV06-763) (C.D. Cal, Aug. 15, 2008)............................................................................ 19

*In re Sony SXRD Rear Projection Television Class Action Litigation,*
  No. 06 Civ. 5173 (RPP), 2008 U.S. Dist. LEXIS 36093 (S.D.N.Y. May 1, 2008).................. 14

*In re Telik, Inc. Sec. Litigation,*
  576 F. Supp. 2d 570 (S.D.N.Y. 2008) .................................................................................... 11

*In re Veeco Instruments Sec. Litigation,*
  No. 05 MDLa 1695 (CM), 2007 U.S. Dist. LEXIS 85629 (S.D.N.Y. Nov. 7, 2007) .............. 16

*In re Warner Communications Securities Litigation,*
  618 F. Supp. 735 (S.D.N.Y. 1985) ......................................................................................... 18

*Koster v. (Am.) Lumbermens Mutual Casualty Co.,*
  330 U.S. 518 (1947).................................................................................................................. 5

*Krome v. Merrill Lynch & Co.*
  No. 85 Civ. 765 (DNE) (S.D.N.Y. May 7, 1991)..................................................................... 18

*Larkin Gen. Hosp. v. Am. Tel. & Tel. Co.,*
  93 F.R.D. 497 (E.D. Pa. 1982).................................................................................................. 9

*Lewis v. Rosenberg,*
  No. 120-12, 1958 U.S. Dist. LEXIS 4187 (S.D.N.Y. Apr. 11, 1958) ....................................... 6

*Maley v. Del Global Techs. Corp.,*
  186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................................................................... 14

*Mendell ex rel. Viacom, Inc. v. Gollust,*
  909 F.2d 724 (2d Cir. 1990) ..................................................................................................... 3

*Morales v. Adept Tech., Inc.,*
  No. 00-cv-957 (LMM) (S.D.N.Y. May 29, 2001)..................................................................... 8

*Morales v. Auspex Sys., Inc.,*
  No. 00-cv-1173 (KMW) (S.D.N.Y. June 6, 2001).................................................................... 8

*Morales v. New Valley Corp.,*
  No. 95-cv-1246 (CSH) (S.D.N.Y. Mar. 16, 1999) .................................................................... 9

*Pino v. Pocasio,*
  101 F.3rd 285 (2d Cir. 1996).................................................................................................. 19

*Plaskow v. Peabody Int'l Corp.,*
  95 F.R.D. 297 (S.D.N.Y. 1982)................................................................................................. 7

*Polar Int'l Brokerage Corp. v. Reeve,*
  187 F.R.D. 108 (S.D.N.Y. 1999) ............................................................................................ 10

*Rosenberg v. XO Communications, Inc.,*
  330 B.R. 394 (Bankr. S.D.N.Y. 2005)................................................................................. 3, 5

*Rothenberg v. United Brands Co.,*
  [1977-78] Fed. Sec. L. Rep. (CCH) ¶ 96,045 (S.D.N.Y.) ......................................................... 4

*Schaffer v. SC Fundamental Inc.* [Doc. Nos. 13 & 14],
    No. 98 Civ. 1127 (RCC) (S.D.N.Y. filed Feb. 18, 1998) ............................................................ 8

*Schaffer v. CC Investments, LDC*,
    286 F. Supp. 2d 279 (S.D.N.Y. 2003) .................................................................................. 4, 5

*Schaffer v. Litzler*,
    No. 02-cv-6313 (AKH) (S.D.N.Y. May 5, 2006) ...................................................................... 8

*Segen v. Options Express*,
    631 F. Supp 2d 465 (D.Del. 2009): ........................................................................................ 22

*Simmonds v. Credit Suisse Secs. (USA) LLC*,
    Nos. 09-35262 et al., 2011 U.S. App. LEXIS 974 (9th Cir. Jan. 18, 2011) ............................ 4

*Strauss v. Kopp Investments*,
    No. 98-cv-7493 (MP) (S.D.N.Y. July 13, 2000) ...................................................................... 8

*Volk v. Zlotoff*,
    285 F. Supp. 650 (S.D.N.Y. 1968) .......................................................................................... 6

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ............................................................................................. 10, 11

*Weiss v. Mercedes Benz Inc.*,
    899 F. Supp. 1297 (D.N.J. 1995) .......................................................................................... 24

**Statutes**

15 U.S.C. § 78p(b) ................................................................................................................ passim

31 U.S.C. § 3730(b) ...................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................. passim

**Other Authorities**

Ellen M. Ryan & Laura E. Simmons, Cornerstone Research,
    Securities Class Action Settlements: 2011 Review and Analysis (2012) ............................ 16

Thomas Lee Hazen,
    Law of Securities Regulation § 13.2 (6th ed. Supp. 2010) ..................................................... 4

Arnold S. Jacobs,
    Section 16 of the Securities Exchange Act § 3:35 (West July 2003) .................................... 3

Peter J. Romeo & Alan L. Dye,
    Section 16 Treatise and Reporting Guide, § 9:03[1][a] (3d ed. 2008) ................................... 4

## OVERVIEW

This is a shareholder suit brought under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. 78p(b), to recover short-swing profits on behalf and for the benefit of the nominal defendant, Achillion Pharmaceuticals, Inc. from the defendants, RA Capital Healthcare Fund, L.P., LLC, RA Capital Management, LLC and Peter Kolchinsky (collectively, the "RA Capital Parties") and Blackwell Partners, LLC ("Blackwell" and collectively with the RA Capital Parties, the "Settleing Defendants"). An arms-length settlement has been reached between the Settling Defendants and plaintiffs with counsel to Achillion fully apprised and participating in the negotiations. A fee agreement was reached with Achillion by the plaintiffs' counsel subsequent to substantive settlement. All agreements of the parties are subject to court approval.

The substantive settlement provides for payment by the Settling Defendants to Achillion, in the aggregate, of $10,400,000 ($9,400,000 by RA Capital Parties and $1,000,000 by Blackwell) less their proportionate share of Achillion's legal fees as approved by the court. The fee agreement between Achillion and plaintiffs' counsel and the Settling Defendants is for payment by the Settling Defendants to plaintiffs counsel on behalf of Achillion, proportionate to their respective substantive payments, of $1,456,000. As is typical of settlements like this, the Settling Defendants have agreed to make these payments without admitting liability, and the parties have agreed to exchange mutual releases.

This memorandum has four sections. Section I urges that Federal Rule of Civil Procedure 23.1 does not apply to Section 16(b) cases and asks the Court to approve the settlement as "diligently . . . prosecut[ed]," the only relevant standard under the text of the statute. Sections II and III demonstrate that even if the Court decides that Rule 23.1 applies, the

Settlement Agreement can be approved without further notice because it easily satisfies the standards for fairness, adequacy, and reasonableness established by the Second Circuit. Section IV is an application for the award of fair and reasonable fees to plaintiffs' counsel. Accordingly, the parties respectfully ask the Court to approve their Settlement Agreement and their agreement on attorneys' fees.

## ARGUMENT

### I. THE COURT MUST DETERMINE THE ADEQUACY AND FAIRNESS OF THE SETTLEMENT ONLY TO THE EXTENT NECESSARY TO ENSURE DILIGENT PROSECUTION OF THE LITIGATION

A Section 16(b) suit is not a derivative action. Although "quasi-derivative" in function, the private right conferred by Section 16(b) is just that: a private right belonging to a shareholder personally. The parties submit the Stipulation of Settlement for approval not because the law requires it but because approval is necessary to give the settlement preclusive effect, as Section 16(b) only authorizes a securityholder to bring suit when her or his claim has not otherwise been "diligently ... prosecute[d]." 15 U.S.C. § 78p(b). The Court should hold that the Stipulation of Settlement represents diligent prosecution preclusive of further litigation.

#### A. A Section 16(b) Suit Is Not a "Derivative Action" Within the Meaning of Rule 23.1 or Local Civil Rule 23.1.1

Federal Rule of Civil Procedure 23.1 provides that a "derivative action" may not be settled without shareholder notice and court approval. Fed. R. Civ. P. 23.1(c). Because the rule does not define the term "derivative action," this Court must decide the threshold question of whether this case is a "derivative action" within the meaning of the rule.

Many opinions casually refer to Section 16(b) suits as "derivative." *See, e.g., Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC*, 298 F.3d 136, 139 (2d Cir. 2002) ("The plaintiffs filed this stockholder derivative action . . . ."). This Court has even held fairness

hearings for Section 16(b) settlements under Rule 23.1. *See, e.g., Donoghue v. CSX Corp.*, No. 08 Civ. 9252 (MGC), 2009 U.S. Dist. LEXIS 97086 (S.D.N.Y. Mar. 9, 2009). But none of these cases carefully considered whether a Section 16(b) suit is a "derivative action" for purposes of Rule 23.1. "It appears that references to [the] phrase 'derivative action' in these cases . . . are generally descriptive and not germane to the issues decided therein, and not a finding of the nature of a Section 16(b) cause of action for purposes of enforcement." *Rosenberg v. XO Communications, Inc.*, 330 B.R. 394, 428 n.24 (Bankr. S.D.N.Y. 2005).

The few authorities that have squarely addressed the question have uniformly concluded that a Section 16(b) case is not a "derivative action" for purposes of Rule 23.1. *See XO Communications*, 330 B.R. at 428 n.24 ("[W]hile certain cases refer to a Section 16(b) suit as a derivative suit, any case that has analyzed the issue has 'concluded that a Section 16(b) suit is not a derivative action.'") (quoting Arnold S. Jacobs, Section 16 of the Securities Exchange Act § 3:35, at 3-290 (West July 2003)). These authorities have rejected Rule 23.1(b)(1)'s contemporaneous ownership requirement. *See Blau v. Mission Corp.*, 212 F.2d 77, 79 (2d Cir. 1954). They have also dispensed with Rule 23.1(a)'s requirement of adequate representation. *See Greco v. Local.com*, 806 F. Supp. 2d 653, 658 n.1 (S.D.N.Y. 2011). Indeed, they do not require the plaintiff to be a shareholder at all. *See Gollust v. Mendell*, 501 U.S. 115, 123 (1991) ("Any security will suffice . . . ." (internal quotation marks and citation omitted)). Judge Scheindlin's opinion of August 1, 2012, in *Chechele v. Elsztain,* 11 Civil 3320, squarely on point, appears at Exhibit A to the affirmation of David Lopez in support of this motion.

The Second Circuit's opinion in *Gollust* gave perhaps the clearest rejection of Rule 23.1. The Court surveyed at some length the differences between the standing requirements of Rule 23.1 and Section 16(b). *See Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 728-29

(2d Cir. 1990). It then went out of its way to distinguish a precedent from this Court that had relied on Rule 23.1. *See id.* at 730 (discussing *Rothenberg v. United Brands Co.*, [1977-78] Fed. Sec. L. Rep. (CCH) ¶ 96,045, at 91,691-92 (S.D.N.Y.), *aff'd mem.*, 573 F.2d 1295 (2d Cir. 1977)). The Second Circuit criticized *Rothenberg* as "premised on an analogous application of Rule 23.1 which ... does not govern shareholders bringing § 16(b) claims." *Id.* The Supreme Court of the United States affirmed. *Gollust*, 501 U.S. 115.

Many authorities have joined *Gollust* in rejecting the characterization of Section 16(b) suits as "derivative actions." *See, e.g., Simmonds v. Credit Suisse Secs. (USA) LLC*, Nos. 09-35262 et al., 2011 U.S. App. LEXIS 974, at *15-*16 n.7 (9th Cir. Jan. 18, 2011) ("Certain courts and commentators have suggested that Section 16(b) actions are not true derivative actions." (citing *Dottenheim v. Murchison*, 227 F.2d 737, 738 (5th Cir. 1956); *Schaffer v. CC Invs., LDC*, 286 F. Supp. 2d 279, 281-82 (S.D.N.Y. 2003); 4 Thomas Lee Hazen, Law of Securities Regulation § 13.2 n.41 (6th ed. Supp. 2010); and Peter J. Romeo & Alan L. Dye, Section 16 Treatise and Reporting Guide § 9:03[1][a] (3d ed. 2008))); *see also Blau v. Oppenheim*, 250 F. Supp. 881, 885 (S.D.N.Y. 1966) ("[S]trictly speaking a section 16(b) suit to recover short-swing profits is not derivative, although some of the cases so describe it.").

This Court in *Schaffer* thoroughly articulated the rationale for distinguishing between Section 16(b) cases and true derivative actions. As Judge Marrero explained, the two sets of suits have "some similarities" but "differ in more fundamental ways":

> First, a § 16(b) cause of action is a statutory enabling right directly empowering the shareholder to sue; it is not a derivative or secondary right grounded on rights and interests possessed primarily by the corporation and emanating from common law. In other words, the § 16(b) action amounts to an *enforcement* right that, if successful, enables the corporation to gain from the redistribution of insiders' illicit profits to which the corporation had no right of recovery under common law causes of action.

> Furthermore, as reflected in the plain language of the statute, § 16(b) was enacted because of the "national public interest which makes it necessary to provide for regulation and control of such transactions." By contrast, the underlying scope and purposes of the pure derivative cause of action serve broader objectives. Such an action enables the shareholder to prosecute a broader range of wrongdoing by corporate officers or agents committed against the corporation on the basis of recognized causes of action the corporation itself would have under the common law, and thereby to vindicate more extensive rights and interests on behalf of the corporation.

*Schaffer*, 286 F. Supp. 2d at 282 (original emphasis, citations omitted); *see also XO Communications*, 330 B.R. at 428 n.24 (thorough analysis of same issue, endorsing *Schaffer*).

Although *Schaffer* addressed a question of bankruptcy law, its logic applies to Rule 23.1 as well. A true derivative suit owes its life to the courts: "The stockholder's derivative action . . . is an invention of equity to supply the want of an adequate remedy at law to redress breaches of fiduciary duty by corporate managers." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522 (1947). Having conceived this procedural device, the courts may employ it as they see fit, superintending it through Rule 23.1 and otherwise.

By contrast, a securityholder's right to recapture short-swing profit on behalf of a public issuer does not come from the courts. It comes from Congress, having an express statutory origin. And nothing in the text of that statute limits the securityholder's right to enforce the statute by requiring court approval of a settlement. Congress knew how to limit the right if it wanted to, as it has done with other statutes. *See, e.g.*, 31 U.S.C. § 3730(b) (requiring an action under the False Claims Act to be "brought in the name of the Government" and "dismissed only if the court and the Attorney General give written consent to the dismissal"). Absent analogous statutory language, the approval requirement should not be grafted onto the text of Section 16(b)

**B. The Court Should Approve the Stipulation of Settlement as "Diligent[] ... Prosecution" of the Company's Section 16(b) Rights.**

Grafting Rule 23.1 onto Section 16(b) is especially unwarranted because Section 16(b)

-5-

already has a mechanism for protecting the issuer's stakeholders and ensuring finality. The plain terms of the statute permit a securityholder to sue on the issuer's behalf "if the issuer shall fail or refuse to bring such suit within sixty days after request *or shall fail diligently to prosecute the same thereafter.*" 15 U.S.C. § 78p(b) (emphasis added). The issuer's execution of a settlement agreement cannot preclude follow-on litigation unless the court presiding over it concludes that the settlement agreement amounted to "diligent[] . . . prosecut[ion]" of the claim. *Cf. Lewis v. Rosenberg*, No. 120-12, 1958 U.S. Dist. LEXIS 4187, at *2 (S.D.N.Y. Apr. 11, 1958) (explaining that stockholder intervention under Section 16(b) is permissible, notwithstanding noncompliance with then-Rule 23(b), if "the corporation has failed diligently to prosecute its claim"). Since the statute already has a homologous "fairness" standard — diligent prosecution — there is no need to saddle Section 16 with the judicially crafted standards of Rule 23.1.

The parties have submitted the Settlement Agreement for approval to ensure that the diligent prosecution standard is satisfied. If the Court adjudges that the settlement culminates a "diligent[] . . . prosecut[ion]" of this Section 16(b) claim, then the Court's judgment will be res judicata preclusive of further litigation. The preclusive effect is not because of anything in Rule 23.1 (which applies only to true "derivative action[s]") but because a securityholder has no right to relitigate a Section 16(b) claim that has already been "diligently prosecute[d]." *See Volk v. Zlotoff*, 285 F. Supp. 650, 657 (S.D.N.Y. 1968) ("The settlement by a corporation of a Section 16(b) claim against an insider for an inadequate amount will not preclude an action by a shareholder."); *Lewis*, 1958 U.S. Dist. LEXIS 4187, at *2.

The term "diligent prosecution" implies that the Court's inquiry should focus on the process leading to settlement rather than the substantive settlement terms. That approach

dovetails well with the statutory text, with this Court's precedent on reopening Section 16(b) litigation, and even with the Court's analogous precedent under Rule 23.1. *See Local.com*, 806 F. Supp. 2d at 659 (finding Section 16(b) judgment preclusive of subsequent litigation because prior litigant had "vigorously prosecuted her claim . . . throughout the litigation"); *id.* at 658-59 & n.1 (observing that vigorous prosecution is a hallmark of adequate representation under Rule 23.1, while recognizing that Rule 23.1 is not "directly applicable" to Section 16(b) (internal quotation marks omitted)). As discussed *infra* in Section III.A, the parties' settlement — negotiated at arm's length — satisfies that standard.

## II. SHAREHOLDER NOTICE OF THE PROPOSED SETTLEMENT AGREEMENT IS NOT NECESSARY UNDER THE CIRCUMSTANCES OF THIS CASE

### A. Notice is Not Required Under *Rosen ex rel. Price Communications Corp. v. Price* and Precedents Decided Post-*Rosen*

Whether or not the Court agrees that a Section 16(b) case is not a "derivative action" for purposes of Rule 23.1, it may avoid that question and still hold that notice is not required in this case. In *Rosen ex rel. Price Communications Corp. v. Price*, No. 95 Civ. 5089 (CSH), 1998 U.S. Dist. LEXIS 9198, at *3 (S.D.N.Y. June 23, 1998), the Court was asked to approve a Section 16(b) settlement. It started its analysis with the premise that because the lawsuit was "a derivative action by a shareholder, it falls under Rule 23.1." *Id.* at *1-*2. But the Court went on to express doubt over whether Rule 23.1 applies to Section 16(b) cases, *id.* at *3, observed that other courts in the Southern District of New York had "dispensed with the giving of notice under Rule 23.1" in Section 16(b) cases, *id.* (citing *Plaskow v. Peabody Int'l Corp.*, 95 F.R.D. 297, 299 (S.D.N.Y. 1982) (in turn citing *Blau v. Berkeley & Berkeley Photo, Inc.*, CCH Fed. Sec. L. Rep. ¶ 92,264 (1967-1969 Decisions) (S.D.N.Y. 1968), and held that dispensing with notice was appropriate under the circumstances, *id.* at *3-*4.

*Rosen* did not require shareholder notice because it determined that the interests of the issuer's shareholders would "not be substantially affected by the [settlement]." *Id.* at *3. The issuer had assets of nearly $1.1 billion and shareholder equity of more than $1.1 billion, while the settlement was for about $450,000. *Id.* The Court deemed notice unnecessary because the settlement was miniscule in comparison to these numbers. *Id.* at *4. Here, Achillion's shareholder equity at March 30, 2015, was $279,000,000 while the amount of recovery is projected at $10,400,00 or roughly 3.72% of that number.

The Court's docket shows that approval of settlements without shareholder notice is unexceptional. Since *Rosen*, the Court has approved the compromise or voluntary dismissal of at least seven Section 16(b) cases without notice to shareholders.* Since plaintiffs' counsel found these cases by searching the dockets (or having prosecuted them) in matters for which opinions have been publicly reported, that number probably understates significantly the true number of such dispositions. Many Section 16(b) cases involve small amounts and are settled within a few months without any reported opinion. *See, e.g.*, Stipulation of Dismissal [Doc. No. 12],

---

\*       Stipulation and Order of Dismissal with Prejudice, *Goldstein v. QVT Assocs. GP LLC*, No. 10-cv-2488 (HB)(AJP) (S.D.N.Y. Feb. 3, 2011); Stipulation and Order of Dismissal [Doc. No. 30] *Donoghue v. Golden State Bancorp.*, No. 02-cv-2404 (TPG) (S.D.N.Y. Aug. 4, 2006); Mandate Withdrawing Appeal, *Schaffer v. Litzler*, No. 02-cv-6313 (AKH) (S.D.N.Y., May 5, 2006) ("[T]he appeal is hereby withdrawn pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure ...."); Notice of Voluntary Dismissal [Doc. No. 18], *Morales v. Auspex Sys., Inc.*, No. 00-cv-1173 (KMW) (S.D.N.Y., June 6, 2001); Notice of Voluntary Dismissal (Doc. No. 32] *Morales v. Adept Tech. Inc.*, No. 00-cv-957 (LMM) (S.D.N.Y. May 29, 2001); Stipulation and Order of Voluntary Dismissal [Doc No. 23] *Strauss v. Kopp Inv.*, No. 98-cv-7493 (MP) 1246 (CSH) (S.D.N.Y.) Mar. 16, 1999).

*Donoghue v. FutureFuel Corp.*, No. 11-cv-5515 (PGG) (S.D.N.Y. Oct. 18, 2011) (approving stipulation of dismissal without notice or hearing after less than three months of litigation). The number of such dispositions probably outweighs by far the number of settlements subjected to the full notice-and-approval process.

This Court should conclude that notice to the Company's shareholders is not required, just as other judges in this District have concluded. *Cf. Schaffer v. SC Fundamental Inc.*, 98 Civ. 1127 (RCC), Docket Nos. 13 and 14 (S.D.N.Y. filed Feb. 18, 1998) (approving 16(b) settlement involving disgorgement of $850,000 and a fee of $283,333, without requiring shareholder notice); *Morales v. New Valley Corp.*, No. 95 Civ. 1246 (CSH), Docket No. 85 (S.D.N.Y. Mar. 16, 1999) ("In the circumstances of this case, notice to shareholders will not be required in this application for attorneys' fees [of $525,000], also, no such hearing or notice as set forth in Local Rule 23.1 is required in this application."). The Court should exercise its discretion to dispense with notice, *cf. Access Now, Inc. v. AMH CGH, Inc.*, No. 98-3004-CIV, 2001 U.S. Dist. LEXIS 12876, at *21-*22 (S.D. Fla. May 8, 2001) (citing *Rosen* and dispensing with notice in a class action); Peter J. Romeo & Alan L. Dye, Section 16 Deskbook 418-19 (Spring 2011) ("Section 16 Deskbook ") (discussing *Rosen*).

### B.  Dispensing With Shareholder Notice Discretionary

Dispensing with shareholder notice is consistent with the text of Rule 23.1(c), which requires that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members *in the manner that the court orders*" (emphasis added). Courts have held that Fed. R. Civ. P. 23(e)'s similar language — requiring notice "in such manner as the court directs" — is "'sufficiently flexible' to permit a court 'to determine that no notice at all is required.'" *Access Now*, 2001 U.S. Dist. LEXIS 12876, at *21 (quoting *Larkin Gen. Hosp. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 502 (E.D. Pa. 1982), and citing *Doe v. Perales*, 782 F. Supp.