```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------X

DEBORAH DONOGHUE and ANDREW E. ROTH,

        *Plaintiffs,*

   -against-

RA CAPITAL HEALTHCARE FUND, L.P., BLACKWELL PARTNERS, LLC, RA CAPITAL MANAGEMENT, LLC, and PETER KOLCHINSKY,

        *Defendants,*
   -and-

ACHILLION PHARMACEUTICALS, INC.,

        *Nominal Defendant.*

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-13-15

14 Civ. 8353 (PAC)

**ORDER APPROVING SETTLEMENT**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Deborah Donoghue and Andrew E. Roth ("Plaintiffs"), security owners of nominal defendant Achillion Pharmaceuticals, Inc. ("Achillion"), sued Defendants RA Capital Healthcare Fund, L.P., Blackwell Partners, LLC, RA Capital Management, LLC, and Peter Kolchinsky (collectively, "Defendants") for violations of Section 16(b) of the Securities Exchange Act. Plaintiffs now move for the Court's approval of the parties' proposed settlement and agreed attorneys' fees award. Plaintiffs estimate the value of their claim as $23.2 million, which the parties have agreed to settle for a total of $10,400,000; $9,400,000 from RA Capital and $1,000,000 from Blackwell. They also seek approval of an attorneys' fees award of $1,456,000. The motion is granted and the settlement and fee award is approved.

1

## DISCUSSION

In their unopposed motion, Plaintiffs seek the Court's approval "only to the extent necessary to ensure diligent prosecution of the litigation" for the purposes of obtaining preclusive effect. Mem. at 2. Plaintiffs assert that shareholder notice is not required, that the settlement amount is fair and reasonable, and that the requested legal fees are fair and reasonable. *Id.* at 7-25.

### I.     Compliance with Fed. R. Civ. P. 23.1 Not Required.

Fed. R. Civ. P. 23.1(c) need not be applied to the settlement here, because a Section 16(b) action is not a derivative action within the meaning of the Rule. "[A]lthough some courts use the term 'derivative' to describe § 16(b) lawsuits, under the pure application of the concept, a § 16(b) action is not a derivative action in the way that a typical shareholder derivative action is." *Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*, 286 F. Supp. 2d 279, 281-82 (S.D.N.Y. 2003). The Second Circuit has determined that "the standing requirements for shareholder derivative suits under Rule 23.1 of the Federal Rules of Civil Procedure are not applicable to a Section 16(b) plaintiff," and courts have noted that when applied to Section 16(b) actions, the term "derivative" is "generally descriptive and not germane to the issues . . . , and not a finding . . . as to the nature of a Section 16(b) cause of action for purposes of enforcement." *In re XO Commc'ns, Inc.*, 330 B.R. 394, 429 n.24 (Bankr. S.D.N.Y. 2005) (internal quotation marks omitted) (citing *Mendell v. Gollust*, 909 F.2d 724, 728 (2d Cir. 1990)). Unlike derivative actions, "a § 16(b) cause of action is a statutory enabling right directly empowering the shareholder to sue" that "enables the corporation to gain from the redistribution of insiders' illicit profits." *Schaffer*, 286 F. Supp. 2d at 282. "In a sense, Section 16(b) actions are *sui generis*," and the "Section 16(b) action is not a derivative action subject to the class action requirements

2

found in Rule 23" and Rule 23.1. *Chechele v. Elsztain*, 11 Civ. 3320, Dkt. 26, at 6 (S.D.N.Y. Aug. 1, 2012). Accordingly, the settlement is not subject to the notice requirements of Fed. R. Civ. P. 23.1 and the Court determines that a hearing is not necessary.

## II. Settlement Amount is Fair and Reasonable.

Since Fed. R. Civ. P. 23.1 is not applicable to the settlement, the Court's role is to determine whether the settlement constitutes "diligent[] prosecut[ion]" of the suit, such that it is given preclusive effect within the meaning of Section 16(b). While the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), are intended to assess the reasonableness of settlements under Fed. R. Civ. P. 23, courts have applied these factors when considering section 16(b) settlements, and the Court does so here. *See FTR Consulting Grp., Inc. ex rel. Cel-Sci Corp. v. Advantage Fund II Ltd.*, 2005 WL 2234039, at *3-4 (S.D.N.Y. Sept. 14, 2005).

*Grinnell* examines the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell*, 495 F.2d at 463 (internal citations omitted). When applied to section 16(b) cases, courts modify these factors to eliminate the concern regarding risk of maintaining the class action through trial, and have added a factor regarding consideration of "'the congressional purpose to cause disgorgement of short-swing trading profits by corporate insiders in favor of the corporation of which they are fiduciaries.'" *FTR Consulting*, 2005 WL 2234039, at *2 (quoting

3

*Levy ex rel. Marketing Servs. Grp., Inc. v. Gen. Elec. Capital Corp.*, 2001 WL 987873, at *5 (S.D.N.Y. Aug. 30, 2001)).

Here, the settlement meets the *Grinnell* factors. First, the parties agree that the trades at issue in this case are "extreme[ly] complex[]" with little precedential case law to provide guidance, which increases the likelihood that the litigation will be lengthy, complicated, and costly. Next, while the suit remains in the early stages, sufficient discovery has been exchanged to provide the parties with an understanding of the issues involved. With respect to the risks of establishing liability and proving damages, liability is undisputed, but the parties recognize that proving damages will be onerous and will occupy the majority of the litigation. While defendants can withstand a greater judgment, the Court does not consider this factor to be of great relevance in light of the purposes of section 16(b), namely, disgorgement of short swing profits.

The settlement is reasonable in light of the best possible recovery. While Plaintiffs maintain that Defendants collectively realized $23,196,631.62 in short swing trades, *see* Stipulation of Settlement at 3, Defendants dispute this amount and maintain that were the litigation to proceed, they would mount numerous defenses. *Id.* at 3-4. Accordingly, the proposed recovery of $10,400,000, or 45% of the maximum recoverable amount, is reasonable in light of the extraordinary complexity of proving damages here and the possibility that Defendants would prevail in proving a much lower amount of profits realized. Finally, the settlement here clearly furthers the congressional purposes of the statute—cash will be disgorged by Defendants and paid directly to the corporation. The Court also notes that the settlement "was the product of arms'-length negotiations between experienced counsel" and so enjoys a "presumption of fairness." *FTR Consulting*, 2005 WL 2234039, at *3 (internal citation and

4

quotation marks omitted). Accordingly, the settlement is reasonable and represents diligent prosecution of the suit such that it should be given preclusive effect.

### III.  Attorneys' Fees Award is Fair and Reasonable.

Plaintiffs request $1,456,000 in attorneys' fees, inclusive of disbursements. This represents 14% of the recovery and is approximately 2.4 times the lodestar amount, both of which fall within the range of reasonableness in this district. *See Donoghue v. Morgan Stanley High Yield Fund*, 2012 WL 6097654, at *2 (S.D.N.Y. Dec. 7, 2012) (citing section 16(b) cases finding that "attorneys are reasonably entitled to fees of 25% [of] the total settlement"); *see also In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008) (noting a 2.04 lodestar multiplier "is toward the lower end of reasonable fee awards"). A consideration of the factors set out in *Goldberger*, 209 F.3d at 50, demonstrates the reasonableness of this request: counsel expended significant time and labor on the matter; the litigation contains great complexities; the litigation is risky in light of these complexities and the risks inherent in contingency cases; counsel are of very high quality and have extensive experience in section 16(b) litigation; and compensation for attorneys who seek to uphold the policy against short swing profits furthers the goals of the statute. Accordingly, the Court finds the requested award fair and reasonable.

## CONCLUSION

The Court determines that the settlement amount of $10,400,000 is fair and reasonable and represents diligent prosecution of the suit, and an attorneys' fees award of $1,456,000 is also fair and reasonable. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
      July 13, 2015

SO ORDERED

*Paul Crotty*  
PAUL A. CROTTY  
United States District Judge