Crotty, P.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| USDC SDNY    EXHIBIT A |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED:  7 - 1 3 - 15 |

DEBORAH DONOGHUE and                        X
ANDREW E. ROTH,

                    Plaintiffs,                        No.: 14-cv-08353-PAC

        -against-

ACHILLION PHARMACEUTICALS, INC.,        **[PROPOSED] ORDER AND FINAL**
                                                                **JUDGMENT**          PC

                    Nominal Defendant,

RA CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, RA CAPITAL
MANAGEMENT, LLC and PETER
KOLCHINSKY,

                    Defendants.                        X

Plaintiffs, Deborah Donoghue and Andrew E. Roth ("Plaintiffs"), shareholders of

nominal defendant Achillion Pharmaceuticals, Inc. ("Achillion"), brought this action (the

"Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the

"Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by

defendants RA Capital Healthcare Fund, L.P. ("RAHF"), RA Capital Management, LLC ("RA

Capital") and Peter Kolchinsky (collectively, the "RA Capital Parties") and Blackwell Partners,

LLC ("Blackwell" and, collectively with the RA Capital Parties, the "Settling Defendants"), or

some of them, in connection with their putative purchases and sales of Achillion securities.

        On the ——— day of ——————————, 2015, a hearing (the "Settlement Hearing")

The Court has considered

was held before this Court to determine (1) whether the terms and conditions of the Stipulation

of Settlement dated June 24, 2015 (the "Stipulation"), including the release of the Settling Defendants, are fair, reasonable and adequate for the settlement of all claims asserted by Plaintiffs in the Action and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint with prejudice; (3) whether and what to award counsel for Plaintiffs as a reasonable attorney's fee and reimbursement of costs and expenses. Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise during the course of proceedings in this Action; and after a review of the record herein, the Stipulation and other papers submitted to the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action, over the Plaintiffs, over Achillion and over the Settling Defendants.

2. The Court finds that Plaintiffs, through their counsel, have vigorously prosecuted the claims set forth in the Amended Complaint on behalf of Achillion.

3. The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable and adequate and in the best interests of Achillion and its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence or an admission by the Settling Defendants or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference that

2

there is or was liability of any person therefor. The Settling Defendants do not admit, either expressly or implicitly, that they or any one of them is subject to any liability whatsoever by reason of any of the matters alleged in the Amended Complaint or referenced in the Stipulation. The Settling Defendants, on the contrary, expressly deny and dispute the existence of any such liability.

5. The Amended Complaint, each claim for relief therein against the Settling Defendants and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against the Settling Defendants and their Related Parties as defined in paragraph 4 of the Stipulation, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6. The Settling Defendants and their Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action (i) by Plaintiffs on behalf of themselves or any other person or entity, (ii) by Achillion and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Achillion or of any other security or instrument, the value of which is derived from the value of any Achillion equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in Achillion securities, options to acquire ACHILLION

3

securities and/or other securities or instruments the value of which is derived from the value of any ACHILLION equity security, during the 16(b) Trading Period, as defined in the Stipulation.

7. Plaintiffs, counsel for Plaintiffs, Achillion and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Achillion or of any other security or instrument, the value of which is derived from the value of any Achillion equity security, or any of them, either individually, directly, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action (i) by Plaintiffs on behalf of themselves or any other person or entity, (ii) by Achillion and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Achillion or of any other security or instrument, the value of which is derived from the value of any Achillion equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in Achillion securities, options to acquire ACHILLION securities and/or other securities or instruments the value of which is derived from the value of any ACHILLION equity security, during the 16(b) Trading Period, as defined in the Stipulation, regardless of the theory of liability.

4

8. Plaintiffs' counsel are hereby awarded an attorney's fee (inclusive of reimbursement of costs and disbursements) in the sum of $ 1,456 000 , which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' counsel by the Settling Defendants and deducted from the Settlement Payment to Achillion after this Order has become Final as set forth in paragraphs 3(a) and 6 of the Stipulation.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated:        New York, New York

              _____July 13_____, 2015

SO ORDERED:

_____Paul Crotty_____
Hon. Paul A. Crotty, U.S.D.J.
                              rm

5

Crotty, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE and                              x
ANDREW E. ROTH,

              Plaintiffs,                         No.: 14-cv-08353-PAC

        -against-                                 STIPULATION OF SETTLEMENT

ACHILLION PHARMACEUTICALS, INC.,

              Nominal Defendant,

RA CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, RA CAPITAL
MANAGEMENT, LLC and PETER
KOLCHINSKY,

              Defendants.                         x

WHEREAS, plaintiffs, Deborah Donoghue and Andrew E. Roth ("Plaintiffs"),
shareholders of Achillion Pharmaceuticals, Inc. ("ACHILLION" or the "Company"), brought
this action (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as
amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been
realized by defendants RA Capital Healthcare Fund, L.P. ("RAHF"), RA Capital Management,
LLC ("RA Capital") and Peter Kolchinsky (collectively, the "RA Capital Parties") and
Blackwell Partners, LLC ("Blackwell" and, collectively with the RA Capital Parties, the
"Settling Defendants"), or some of them, in connection with their putative purchases and sales of
ACHILLION securities;

WHEREAS, the Settling Defendants deny any liability whatsoever and this Stipulation of
Settlement ("Stipulation") shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of the Settling Defendants with respect to any claim, or any fault or liability or wrongdoing or damages whatsoever, or any deficiency in the defenses that the Settling Defendants have or may assert. Plaintiffs, ACHILLION and the Settling Defendants (collectively, the "Parties") wish to voluntarily settle the matter after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, Plaintiffs' theory of liability in this Action is based on RAHF's and Blackwell's transactions in ACHILLION common stock and options to acquire ACHILLION common stock occurring between July 2, 2013 and September 30, 2014, inclusive (the "16(b) Trading Period");

WHEREAS, Plaintiffs assert that at all times during the 16(b) Trading Period: (i) RAHF and Blackwell beneficially owned, in the aggregate, more than ten percent of ACHILLION's outstanding common stock within the meaning of Rule 13d-3(b) of the Exchange Act; (ii) by virtue of RA Capital's role as investment advisor to RAHF and Blackwell, and Mr. Kolchinsky's role as the sole managing member of RA Capital, Mr. Kolchinsky and RA Capital may be deemed to be beneficial owners of ACHILLION common stock beneficially owned by RAHF and/or Blackwell, within the meaning of Rule 13d-3(b) of the Exchange Act; (iii) RAHF and Blackwell, together with RA Capital and Mr. Kolchinsky, were members of a group within the meaning of Section 13(d)(3) of the Exchange Act; and (iv) by virtue of their membership in a group, each of the Settling Defendants was subject to Section 16 as a beneficial owner of more than ten percent of ACHILLION's outstanding common stock;

WHEREAS, the Settling Defendants assert that if the Court finds, for purposes of Section 13(d) of the Exchange Act, that RA Capital and Mr. Kolchinsky are not deemed to beneficially own the ACHILLION securities owned by RAHF and/or Blackwell, or that Blackwell, RA

Capital and Mr. Kolchinsky were not members of a group with RAHF, there will be no basis for group liability under Section 16(b) in this Action.  The Settling Defendants further assert that Plaintiffs' group theory of beneficial ownership is novel and that there is no precedent directly on point;

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, the Parties have concluded that it is in the interest of ACHILLION to settle this Action on the terms set forth herein (the "Settlement");

WHEREAS, Plaintiffs, through their counsel, have conducted an investigation relating to the claims and the underlying events alleged in the Amended Complaint.  Plaintiffs obtained discovery from the Settling Defendants in this Action, including records reflecting all of the Settling Defendants' transactions in ACHILLION equity securities and options related to ACHILLION securities.  As a result, Plaintiffs and their counsel have concluded that they have obtained sufficient information to enter into the settlement contemplated by this Stipulation on a fully-informed basis;

WHEREAS, Plaintiffs assert that the potential "profit realized" under Section 16(b) arising from the Settling Defendants' transactions in ACHILLION common stock and options to acquire ACHILLION common stock is the sum of $16,327,482.09 for the RA Capital Parties and $6,869,149.53 for Blackwell; and in connection with the Parties' settlement negotiations, Plaintiffs have shared their discovery and analyses regarding liability and profits with counsel for ACHILLION and the Settling Defendants;

WHEREAS, the Settling Defendants believe that they have several meritorious defenses to Plaintiff's Section 16(b) claims and that the potential liability for the Section 16(b) claims is substantially lower than the $23.3 million calculated by Plaintiffs; and in connection with the

3

Parties' settlement negotiations, the Settling Defendants have shared their discovery and analyses regarding liability and damages with counsel for ACHILLION and the Plaintiffs;

WHEREAS, the Parties engaged in arm's length settlement negotiations among themselves which culminated in an agreement whereby RA Capital will pay ACHILLION the sum of $9,400,000 and Blackwell will pay ACHILLION the sum of $1,000,000;

WHEREAS, Plaintiffs, Plaintiffs' counsel, ACHILLION and its independent counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of ACHILLION and its shareholders;

WHEREAS, in evaluating the proposed Settlement provided for herein, Plaintiffs and their counsel have considered:  the substantial benefit being provided to ACHILLION and its shareholders by the proposed Settlement; the uncertainties of the outcome of this Action, which Plaintiffs recognize turns on the Settling Defendants' separate defenses to Section 16(b) liability in this Action; that Plaintiffs' theories of liability and damages in this Action are contested by the Parties; and that because resolution of the claims in this Action, wherever and however determined, likely would be submitted for appellate review, there would be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees, which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if Plaintiffs were to prevail, or by settlement); and

WHEREAS, the Settling Defendants have agreed to this Stipulation and the Settlement provided herein in order to fully and finally settle and dispose of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

4

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1.      Within 5 business days after this Stipulation has been executed, the Parties shall jointly move the Court for a hearing to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interest of ACHILLION and its shareholders (the "Settlement Hearing"), and entry of an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit A, which will:

(a)      Dismiss the Action with prejudice;

(b)      Find that Plaintiffs vigorously prosecuted the claims set forth in the Amended Complaint on behalf of ACHILLION;

(c)      Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of ACHILLION and its shareholders

(d)      Release the Settling Defendants from all claims that were or could have been asserted in the Action and bar Plaintiffs, Plaintiffs' counsel, ACHILLION and any holder of ACHILLION securities from asserting against any Settling Defendant any claim that was or could have been brought in this Action.

2.      The Order and Final Judgment shall become final ("Final") upon entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3.      (a)      On or before the tenth business day after the Order and Final Judgment approving the Settlement becomes Final:  (i) the RA Capital Parties shall wire transfer to ACHILLION the amount of nine million, four hundred thousand dollars ($9,400,000) less their

5

pro rata share of the amount of attorney's fees and expenses, if any, awarded by the Court to Plaintiffs' counsel, which amount shall be paid directly to Plaintiffs' counsel; and (ii) Blackwell shall wire transfer to ACHILLION the amount of one million dollars ($1,000,000) less its pro rata share of the amount of attorney's fees and expenses, if any, awarded by the Court to Plaintiffs' counsel, which amount shall be paid directly to Plaintiffs' counsel (the "Settlement Payments"). The total Settlement Payments, including any award of attorney's fees and expenses, shall not exceed $10,400,000.

(b)    Entry and Finality of the Order and Final Judgment is a condition precedent to the RA Capital Parties' and Blackwell's respective obligations to make the Settlement Payments.

(c)    In the event the Court does not enter the Order and Final Judgment approving the Settlement, or such Order does not become Final by December 31, 2016, this Stipulation shall be null and void except as to paragraphs 3(c), 5 and 14, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4.    In consideration of the Settlement Payment, ACHILLION and Plaintiffs on behalf of themselves and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of ACHILLION or any other security or instrument, the value of which is derived from the value of any ACHILLION equity security, each release and discharge the Settling Defendants, their present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs,

executors, administrators, successors and assigns, and any purported member of a group within

the meaning of Section 16(d)(3) of the Exchange Act (the "Related Parties") from any and all

liability and damages under or based upon any and all claims, rights, causes of action, suits,

matters, demands, transactions and issues, known or unknown, arising out of or relating to the

assertions contained in the Amended Complaint in this Action or that could have been asserted in

this Action (i) by Plaintiffs on behalf of themselves or any other person or entity, (ii) by

ACHILLION and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of

the Exchange Act) of ACHILLION or any other security or instrument the value of which is

derived from the value of any ACHILLION equity security, or any of them, whether

individually, directly, representatively, derivatively or in any other capacity for all claims arising

out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and

regulations promulgated under Section 16 relating to trading in ACHILLION securities, options

to acquire ACHILLION securities and/or other securities or instruments the value of which is

derived from the value of any ACHILLION equity security, during the 16(b) Trading Period,

regardless of the theory of liability. Plaintiffs' counsel covenant not to bring any additional

claims arising out of or relating to the assertions contained in the Amended Complaint in this

Action or that could have been asserted in this Action against the Settling Defendants and/or

their Related Parties for trading in ACHILLION securities, including, without limitation options

to acquire ACHILLION securities or any other derivative security or instrument tied to the value

of any ACHILLION equity security, during the 16(b) Trading Period, regardless of the theory of

liability.

   5.   This Stipulation and all negotiations and papers related to it, and any proceedings

in connection with the Settlement, whether or not the Settlement becomes Final or is

7

consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of the Settling Defendants' liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

6.      Plaintiffs' counsel will apply to the Court for attorney's fees and expenses in an amount of one million, four hundred fifty-six thousand dollars ($1,456,000.00), which application ACHILLION has agreed to support. The attorney's fee and expense award was negotiated between Plaintiffs' counsel and counsel for ACHILLION after the Parties had negotiated the provisions of the Settlement set forth above. Such attorney's fees and expenses as may be awarded by the Court are to be paid by the Settling Defendants after the Order and Final Judgment becomes Final in accordance with paragraph 3(a) and shall reduce the amount of the Settlement Payment to ACHILLION as provided therein, so that, as described in paragraph 3(a), the total payment by the RA Capital Parties will equal $9.4 million and the total payment by Blackwell will equal $1 million. The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

7.      Plaintiffs' counsel and Plaintiffs agree and acknowledge that the award of attorney's fees and expenses as described in paragraph 6 is the sole amount to which Plaintiffs' counsel is due in connection with the Action or this Stipulation and expressly release and disclaim any right to any additional amount.

8.      The Parties acknowledge and agree that, as a result of Plaintiffs' pursuit of this Action and their pursuit and negotiation of this Stipulation, this Action has been diligently

8

prosecuted against the Settling Defendants within the meaning of Section 16(b) of the Exchange Act.

9.      This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and neither party is relying upon any representation, promise or assertion not contained herein.

10.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement *provided* that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

11.     The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation and to compromise and settle all their claims and their defenses relating to the Action.

12.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

13.     The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

14.     The Parties submit to the continuing jurisdiction of this Court (a) for all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated:     New York, New York
           June 24, 2015

---
David Lopez

Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*

---
Miriam Deborah Tauber
Ronald S. Tauber
885 Park Avenue 2A
New York, NY 10075
miriamtauberlaw@gmail.com
rontauberlaw@gmail.com
323.790.4881

*Attorneys for Plaintiff Deborah Donoghue*

---
Glenn F. Ostrager

Ostrager Chong Flaherty & Broitman P.C.
570 Lexington Avenue, Suite 1910
New York, NY 10022
gostrager@ocfblaw.com
212.681.0300

*Attorneys for Plaintiff Andrew E. Roth*

---
Dennis H. Tracey, III

Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
dennis.tracey@hoganlovells.com
212.918.3100

*Attorneys For RA Capital Management, LLC,
RA Capital Healthcare Fund, L.P. and Peter
Kolchinsky*

---
Robert H. Pees

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
rpees@akingump.com
212.872.1072

*Attorneys for Blackwell Partners, LLC*

---
John R. Batter, III

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
john.batter@wilmerhale.com
617.526.6754

*Attorneys for Achillion Pharmaceuticals, Inc.*

10

Dated:     New York, New York
           June 24, 2015

David Lopez
Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*

Dennis H. Tracey, III
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
dennis.tracey@hoganlovells.com
212.918.3100

*Attorneys For RA Capital Management, LLC,
RA Capital Healthcare Fund, L.P. and Peter
Kolchinsky*

Miriam Deborah Tauber
Ronald S. Tauber
885 Park Avenue 2A
New York, NY 10075
miriamtauberlaw@gmail.com
rontauberlaw@gmail.com
323.790.4881

*Attorneys for Plaintiff Deborah Donoghue*

Robert H. Pees
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
rpees@akingump.com
212.872.1072

*Attorneys for Blackwell Partners, LLC*

Glenn F. Ostrager
Ostrager Chong Flaherty & Broitman P.C.
570 Lexington Avenue, Suite 1910
New York, NY 10022
gostrager@ocfblaw.com
212.681.0300

*Attorneys for Plaintiff Andrew E. Roth*

John F. Batter, III
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
john.batter@wilmerhale.com
617.526.6754

*Attorneys for Achillion Pharmaceuticals, Inc.*

10

Paul D. Wexler
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, NY 10017
PaulWexler@kvwmail.com
212.418.8600

*Attorneys for Plaintiff Andrew E. Roth*

11